UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oscar Lee Sykes, Jr., #310285, *former # 138335*, <br><br>　　　　　　　Plaintiff; <br><br>vs. <br><br>Michael Frank; Mark Sanford; Andre Bauer; Tom Fox; Susan Safford; Anna Cunningham; Marian H. Lee; Edgar Lloyd Willcox, II; Robert T. King; Larry W. Propes; Sharon Welch Meyer; Thomas E. Rogers, III; R. Bryan Harwell; Karen J. Williams; Dennis W. Shedd; Diana G. Motz; Williams K. Suter; Leoniads Ralph Mecham; John Doe, Attorney General; Henry E. Brown Jr; Richard B. Cheney; George W. Bush, Jr.; Horry County, South Carolina.  Names of all the people the suit is... against individually, and in their official capacities, <br><br>　　　　　　　Defendants. | C/A No. 8:08-4049-GRA-BHH <br><br>**REPORT AND RECOMMENDATION** |

The plaintiff, Oscar Lee Sykes, Jr. ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.  The plaintiff sues the Defendants in relation to his prior civil rights lawsuit in *Sykes v. Fox*, No. 4:04-2329-RBH (D.S.C. Sept. 28, 2006).  The plaintiff claims he was entitled to a default judgment in the prior case and sues the lawyers, judges, court clerks, and appellate judges involved in the prior case.  He also sues various government officials for not providing "redress" when the plaintiff contacted them concerning the outcome of his prior case.  Plaintiff seeks declaratory and injunctive relief, as well as

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

monetary damages. The complaint should be dismissed for failure to state a claim upon which relief may be granted. Because many of the defendants have immunity and the case is also frivolous, a strike for purposes of 28 U.S.C. § 1915(g) is recommended.

## *PRO SE* and *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i-iii).

A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys,

*Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## **BACKGROUND**

The complaint is based on allegations that the Defendants participated in a "federal civil railroad conspiracy" to deprive Plaintiff of his alleged right to a default judgment in a prior case, *Sykes v. Horry County*, No. 4:04-2329-RBH (D.S.C. Sept. 28, 2006), *affirmed on appeal*, No. 06-7763 (4th Cir. March 2, 2007), *rehearing denied* July 11, 2007. Complaint at 7-12. In Plaintiff's prior case, the complaint was filed July 26, 2004, and an order directing service of process was filed August 24, 2004. Service was accomplished and an answer for Defendants Safford and Horry County were due September 21, 2004. Service on Defendants Cunningham & Fox was accomplished and an answer was due October 5, 2004. All of the defendants in that case filed an Answer on December 21, 2004. Plaintiff did not file an affidavit or apply to the court for a default judgment as required by Rule 55 of the Federal Rules of Civil Procedure. Plaintiff did not raise the issue of default in his prior case. After

3

cross motions for summary judgement, a final judgment in the defendants favor was entered on September 29, 2006. Plaintiff appealed the final judgment and the United States Court of Appeals for the Fourth Circuit affirmed the district court decision and denied Plaintiff's subsequent petition for rehearing en banc.

## DISCUSSION

Plaintiff files this lawsuit pursuant to 42 U.S.C. § 1983. Complaint at 3. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Failure To State A Claim**

### Insufficient Allegations

A complaint is required by Federal Rule of Civil Procedure 8(a)(2) to state "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court has held that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 91 (2007). The complaint in this case recites the actions Plaintiff took in appealing and protesting the outcome of his prior case, as well as makes conclusory

4

allegations of violation of the Fifth and Fourteenth Amendments in a "federal civil railroad conspiracy" against Plaintiff.  Complaint at 7-12.

Plaintiff complains that he did not receive the result in his prior case that he believes he was entitled to by law, specifically a default judgment.  Complaint at 7.  Plaintiff appealed the district court's judgment to the Court of Appeals for the Fourth Circuit, and he complains that the result in the appellate process was also part of the "federal civil railroad conspiracy" because the result was not in his favor.  Complaint at 8-9.  Similarly, Plaintiff complains that the Clerk of Court of the United States Supreme Court issued a denial of his petition for writ of certiorari which was a "furtherance of this civil railroad conspiracy."  Complaint at 9.  Plaintiff also claims violation of constitutional rights under the Fifth and Fourteenth Amendment because several government officials were "unresponsive to this matter of civil railroad conspiracy and obstruction of justice."  Complaint at 8, 9-12.  The complaint also contains one sentence alleging Defendant Frank and another individual not a party to the case (Oscar Lee Sykes Sr.) "orchestrated an attempted murder assault upon the plaintiff (Sykes Jr.) by having the plaintiff (Sykes Jr.) stabbed 5 times within his neck and back areas of his body, by two unknown inmates."  Complaint at 8.

In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007), the Supreme Court states that a complaint requires pleading "enough facts to state a claim to relief that is plausible on its face."  *Twombley* further instructs "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Id*. at 1964-65.  The complaint's conclusion that a conspiracy existed among the Defendants is not supported by factual allegations.  The complaint does not claim a formal or tacit agreement or meeting of the minds of the Defendants which indicates a group plan to harm

5

Plaintiff. Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). The complaint fails to allege facts to support a claim of conspiracy. Plaintiff's claim that his constitutional rights have been violated through a conspiracy, without supporting factual allegations, is not sufficient to state a claim and is also frivolous.

### **Constitutional Rights**

Plaintiff claims his rights under the Fifth and Fourteenth Amendments to the United States Constitution have been violated by the Defendants. Complaint at 3, 12. The allegations in the complaint claim that the Defendants denied Plaintiff the "federal relief of which is due" Plaintiff "after the Defendants (Horry County, South Carolina et. al.) grossly defaulted the judgment in that case." Complaint at 7. Liberally construed, the complaint could be attempting to state a procedural due process claim based on the Fifth and Fourteenth Amendments' guarantee of "due process of law." The complaint, however, fails to allege facts that show a violation by the Defendants of Plaintiff's constitutional rights under the Fifth and Fourteenth Amendments.

The due process protection of the Fifth and Fourteenth Amendments has a procedural due process component. *See United States v. Salerno*, 481 U.S. 739, 746 (1987). The procedural due process component precludes the government from depriving a person of life, liberty, or property in an unfair manner. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

6

Thus, due process claims must be supported by an underlying property or liberty interest. The facts alleged by Plaintiff do not implicate a constitutional right that is protected by procedural due process. Plaintiff does not have a constitutional right to a specific outcome in a civil lawsuit, including a default judgment. The "fundamental requirement" of procedural due process is "the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333, quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). Plaintiff was allowed by Rule 55 of the Federal Rules of Procedure to file a request for a default judgment, but failed to do so. Plaintiff was provided procedural due process through "the opportunity to be heard" in his prior case, including the appellate process in that case.

Plaintiff also claims violation of constitutional rights under the Fifth and Fourteenth Amendments because several government officials were "unresponsive to this matter of civil railroad conspiracy and obstruction of justice." Complaint at 8, 9-12. Again, Plaintiff fails to implicate an underlying property or liberty interest that has possibly been violated. Failure to respond to mail, even by a government official, is not a constitutional violation. The complaint fails to state a claim under § 1983 because Plaintiff does not make factual allegations to implicate the violation of a right secured by the Constitution or laws of the United States.

### Lack of State Action

As well as failing to meet the § 1983 requirement for violation of a constitutional right, the complaint fails to state a claim against several defendants because they do not act under color of state law. To act under color of state law for purposes of § 1983, an individual's action that allegedly causes the deprivation of a federal right must be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) quoting *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). State action is required because "most

7

rights secured by the Constitution are protected only against infringement by governments." *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156 (1978).

Defendants Lee, Willcox, and King are private attorneys with the law firm retained by the defendants in the prior case, *Sykes v. Fox*, No. 4:04-2329-RBH (D.S.C. Sept. 28, 2006). An private attorney does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Similarly, the complaint names Defendants Propes, Meyer, Suter, Mecham, Brown, Cheney and Bush, who are officials or employees of the federal government.[2] The complaint also names as a defendant "John Doe," which Plaintiff identifies as "United States Depart. of Justice, Office of the United States Attorney General." These defendants did not act under color of state law because their actions that allegedly violated Plaintiff's rights under the Fifth and Fourteenth Amendments cannot be "fairly attributable to the state." *American Mfrs. Mut. Ins. Co.*, 526 U.S. at 50. Because Plaintiff's allegations do not establish that Defendants Lee, Willcox, King, Propes, Meyer, Suter, Mecham, Brown, Cheney, Bush and Doe acted under color of state law, Plaintiff cannot maintain a § 1983 action against them.

**Local Government Liability**

The complaint sues Horry County, a local government within the State of South Carolina. A local government, such as a city or county, can be liable under § 1983, but a county's liability is based on execution of a governmental policy or custom. *Monell v. Dep't*

---

[2] The United States Supreme Court in *Bivens v. Six Unknown Named Narcotic Agents*, 403 U.S. 388 (1971), created a remedy against federal officers acting under color of federal law, which was analogous to the § 1983 action against state officials. The complaint in this case, however, fails to make factual allegations against any of the federal officials or employees that implicate the violation of Plaintiff's Fifth and Fourteenth Amendment rights by any Defendants, as discussed above.

*of Social Servs.*, 436 U.S. 658 (1978).  A county may not be held liable under § 1983 solely because it employs the individual that violated a plaintiff's federal rights; rather, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997).  Plaintiff fails to identify a policy or custom of Horry County which caused his federal rights to be violated, thus he fails to state a claim against the Defendant Horry County.

## Immunity

Many of the Defendants in this case have immunity from liability under § 1983. Immunity presents a threshold question which should be resolved before discovery is even allowed.  *Siegert v. Gilley*, 500 U.S. 226 (1991).  Absolute immunity "is an immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

### Official Capacity Immunity

The complaint states that the Defendants are being sued "individually, and in their official capacities."  Complaint at 1.  The "real party in interest in an official-capacity" lawsuit is the "governmental entity and not the named official."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, lawsuits against state officials in their official capacity are actually suits against the State.  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  States are immune from liability under § 1983 pursuant to the Eleventh Amendment.  *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) (absent waiver of Eleventh Amendment immunity, state is not subject to suit in federal court); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (neither the state, nor a state official acting in an official capacity, are "persons" within § 1983).   Plaintiff cannot maintain a § 1983 action against the Defendants acting under color of state law in their official capacities.

9

### Judicial Immunity

The complaint makes allegations against judges who were involved in Plaintiff's prior case. The judges, Defendants Williams, Motz, Shedd, Harwell and Rogers, have absolute judicial immunity with respect to their judicial acts in relation to Plaintiff's prior case. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987). "It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions." *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). The complaint does not allege that the judges acted outside of their judicial capacity or absent all jurisdiction. *See Mireles v. Waco*, 502 U.S. at 12. Judges have absolute immunity in their judicial acts and judicial immunity is a threshold question which requires summary dismissal. *Siegert v. Gilley*, 500 U.S. 226 (1991); and *Mitchell v. Forsyth*, 472 U.S. at 526.

### Quasi-judicial Immunity

The complaint sues the Clerk of Court for the United States Supreme Court and the Clerk of Court, as well as a deputy clerk, of the United States District Court for the District of South Carolina. Defendants Suter, Propes and Meyers are entitled to absolute quasi-judicial immunity. The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989); *see also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel); *Cf. Pink v. Lester,* 52 F.3d 73 (4th Cir.1995) (overruling *McCray v.*

*Maryland*, 456 F.2d 1 (4th Cir. 1972), which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings).

The complaint alleges that Defendants Propes and Meyer failed to enter a default judgment against the defendants, or notify Plaintiff of the defendants' default, in Plaintiff's prior district court case.  Complaint at 7.  Under Rule 55 of the Federal Rules of Civil Procedure, the Clerk of Court may enter default judgment in a case only "on the plaintiff's request, with an affidavit showing the amount due" or by order of the Court.  The Clerk of Court for the United States Supreme Court is sued for denying Plaintiff's petition for writ of certiorari.  Complaint at 9.  Because Plaintiff's claims are based on the manner in which Defendants Propes, Meyer and Suter perform official duties, these Defendants are protected by the doctrine of quasi-judicial immunity.  *See, e.g., Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002);  *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989)(filing of documents by clerk is integral part of judicial process and protected by judicial immunity); *Mullis v. U.S. Bankr. Ct.,* 828 F.2d 1385, 1390 (9th Cir. 1987)(bankruptcy clerks entitled to judicial immunity for refusing to accept amended petitions).  Because Defendants Suter, Propes and Meyer have quasi-judicial immunity, Plaintiff cannot maintain a § 1983 action against them.

**Executive and Legislative Immunity**

The complaint sues the former President and Vice President of the United States, officials in the executive branch of the federal government.  Plaintiff also sues Defendant Henry E. Brown, Jr., a legislator in the United States House of Representatives.  No allegations in the complaint indicate any personal involvement of these officials in Plaintiff's prior case, and it is clear the Plaintiff complained to these Defendants about the outcome of his prior case based on their official government positions.  Plaintiff alleges these Defendants

violated his constitutional rights by failing to respond or "redress" his complaints concerning the outcome of his prior district court case. Complaint at 8, 10-11.

The United States Supreme Court has recognized the defense of "absolute immunity" for "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). Included in this list are "legislators, in their legislative functions . . . judges, in their judicial functions . . . and the President of the United States." The present action cannot proceed against Defendants Bush and Cheney because of the complete immunity enjoyed by the President and Vice-President of United States in performing the duties of their respective offices. *See Nixon v. Fitzgerald*, 457 U.S. 731 (1982).[3] Under the Speech and Debate Clause of the United States Constitution (U.S. CONST. art I, § 6) members of the United States Congress enjoy a comparable immunity. As the United States Supreme Court held in *Dombrowski v. Eastland*, 387 U.S. 82 (1967): "legislators engaged 'in the sphere of legitimate legislative activity' should be protected not only from the consequences of litigation's results but also from the burden of defending themselves." 387 U.S. at 85 (citations omitted). Because Plaintiff names these Defendants for alleged failure to take actions through their official positions, Defendants Bush, Cheney, and Brown are protected by absolute immunity and are entitled to dismissal from this suit.

**Strike**

The complaint is subject to dismissal based on the fact this suit is "frivolous" and "fails to state a claim on which relief may be granted," as well as "seeks monetary relief" against defendants who are "immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i-iii). One of these

---

[3] Although the *Nixon* Court did not specifically mention the office of Vice-President, it is clear from the Court's analysis that the rationale for absolute immunity applies to that office as well. 457 U.S. 749-757.

reasons alone would be sufficient to dismiss the case under § 1915(e) and is commonly called a "strike" for purposes of applying § 1915(g) to future cases. In conjunction with § 1915(e)(2), subsection (g) requires an inmate to pay, at the time of filing, the full filing fee for his case after he has had three prior cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," with the exception, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This case should be deemed a "strike" for purposes of 1915(g).

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance of service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (frivolous), (ii) (failure to state a claim), and (iii) (immune defendants).

It is further recommended that the dismissal of this case be deemed a "strike" pursuant to 28 U.S.C. § 1915(e)(2) for purposes of application of 28 U.S.C. § 1915(g) in future filings by Plaintiff.

_____
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

February 9, 2009
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).