UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Oscar Lee Sykes, Jr., #310285, | ) | |
| *former # 138335,* | ) | |
| Plaintiff; | ) | |
| vs. | ) | ORDER |
| | ) | C/A No. 8:08-4049-GRA-BHH |
| Michael Frank; | ) | |
| Mark Sanford; | ) | |
| Andre Bauer; | ) | |
| TomFox; | ) | |
| Susan Safford; | ) | |
| Anna Cunningham; | ) | |
| Marian H. Lee; | ) | |
| Edgar Lloyd Willcox, II; | ) | |
| Robert T. King; Larry | ) | |
| W. Propes; | ) | |
| Sharon Welch Meyer; | ) | |
| Thomas E. | ) | |
| Rogers, III; | ) | |
| R. Bryan Harwell; | ) | |
| Karen J. Williams; | ) | |
| Dennis W. Shedd; | ) | |
| Diana G. Motz; | ) | |
| Williams K. Suter; | ) | |
| Leoniads Ralph Mecham; | ) | |
| John Doe; | ) | |
| Attorney General; | ) | |
| Henry E. Brown Jr; | ) | |
| Richard B. Cheney; | ) | |
| George W. Bush, Jr.; and | ) | |
| Horry County, South Carolina. | ) | |
| Names of all the people the suit is… | ) | |
| against individually, and in their | ) | |
| official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court for review of the magistrate's Report and

Recommendation filed on March 3, 2009 made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d) (D.S.C.) and the plaintiff's motion for an extension of time to respond to the Report and Recommendation.  The magistrate recommends that the complaint be dismissed without prejudice and without issuance of service of process pursuant to 28 U.S.C. § 1915 and be deemed a "strike" pursuant to 28 U.S.C. § 1915(e)(2) for purposes of application of 28 U.S.C. § 1915(g) in future filings by Plaintiff.

Plaintiff brings this claim *pro se.*  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

First, the plaintiff's motion for an extension of time is denied.  Under Rule 6 of the Federal Rules of Civil Procedure, this Court may grant an extension for good cause shown.  However, it is the opinion of this Court that the plaintiff has not sufficiently demonstrated good cause.  Accordingly, the plaintiff's motion for an extension is denied.  Second, the magistrate recommends this action be dismissed without prejudice and without service of process.  The magistrate makes only a recommendation to this Court.  The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court.  *Mathews v.*

*Weber*, 423 U.S. 261, 270-71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1).  This Court may also "receive further evidence or recommit the matter to the magistrate with instructions."  *Id.*     In order for objections to be considered by a United States District Judge, the objections must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections.  FED. R. CIV. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985).  "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).  The plaintiff has not offered any objections within his time to respond.

After reviewing the record, and the Report and Recommendation this Court finds that the magistrate applied sound legal principles to the facts of this case.  Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.  Wherefore, the complaint is dismissed *without prejudice* and without issuance of

service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (frivolous), (ii) (failure to state a claim), and (iii) (immune defendants).  Additionally, this dismissal of this case is deemed a "strike" pursuant to 28 U.S.C. § 1915(e)(2) for purposes of application of 28 U.S.C. § 1915(g) in future filings by Plaintiff.

IT IS SO ORDERED.

                                                G. ROSS ANDERSON, JR.
                                                UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

March 6, 2009

### **NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.